UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STANLEY PIERRE,

                        Plaintiff,

        -against-

SUFFOLK COUNTY POLICE DEPARTMENT
FIRST PRECINCT; JOHN DOES #1-#4,

                      Defendants.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-CV-8886 (JMA)(SIL)

**FILED
CLERK**

12:07 pm, Feb 08, 2024

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, District Judge:**

Before the Court is the application to proceed *in forma pauperis* filed by incarcerated *pro se* plaintiff Stanley Pierre ("Plaintiff"). *See* Docket Entry ("D.E.") 5. Upon review of Plaintiff's application to proceed *in forma pauperis*, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis*. The Court orders service of the summonses and complaint upon the individual defendants by the United States Marshal Service ("USMS") forthwith. Plaintiff's claim against the Suffolk County Police Department First Precinct is not plausible and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b). *See, e.g., Brown v. Suffolk Cnty. 3rd Present [sic] Police Dep't*, No. 20-CV-3342, 2021 WL 3603410, at *3 (E.D.N.Y. Aug. 13, 2021) (*sua sponte* dismissing claims against police precinct as "it is a non-suable entity because, as part of the Suffolk County Police Department, the Third Precinct is merely an administrative arm of the municipality, Suffolk County.")

However, the USMS will not be able to serve the unidentified individual defendants without more information. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*), the Suffolk County attorney is requested to assist with identifying the unnamed defendants who are alleged to be to be employed at the Suffolk County Police Department's First Precinct and who are alleged to have interacted with Plaintiff on or about August 28, 2023 in Melville, New York, as is

alleged in the complaint.   Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this order on the Suffolk County Attorney, and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified individual defendants and to provide their names and the address(es) where such defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture.   This Order merely provides a means by which the Plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.   Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed individual defendants, a summons shall be issued to each defendant, and the USMS shall effect service.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record and shall note such mailing on the docket.

**SO ORDERED.**

Dated:   February 8, 2024
        Central Islip, New York

(/s/ JMA)
Joan M. Azrack
United States District Judge