UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
STANLEY PIERRE,

                           Plaintiff,

    -against-

SUFFOLK COUNTY POLICE DEPARTMENT 1ST
PRECINCT, POLICE OFFICER MATTHEW
GIORDANO, POLICE OFFICER RYAN PACCIONE,
POLICE OFFICER JESSE MARESCA, POLICE
OFFICER GLENN LODIGKEIT, and SUFFOLK
COUNTY POLICE DEPARTMENT,

                        Defendants.
-------------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
23-cv-8886 (JMA)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

This matter is before the Court on referral from the Honorable Joan M. Azrack to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends *sua sponte* that *pro se* Plaintiff Stanley Pierre's ("Plaintiff" or "Pierre") claims be dismissed without prejudice for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and that such dismissal should become with prejudice if Plaintiff fails to appear within 60 days of a final order on this issue.

## I.    BACKGROUND

By way of Complaint dated November 29, 2023, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against Defendant Suffolk County Police Department 1st Precinct and four John Doe Defendants who Plaintiff alleges utilized excessive force on him on August 28, 2023 while he was an inmate at the Suffolk

1

County Correctional Facility. *See* Docket Entry ("DE") [1]. On February 8, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* and requested that the Suffolk County Attorney assist in identifying the unnamed defendants who were alleged to have interacted with Plaintiff on or about August 28, 2023 as set forth in the Complaint. DE [7]. In that Order, the Court also *sua sponte* dismissed Plaintiff's claims against Defendant Suffolk County Police Department 1st Precinct as a non-suable entity. *Id.*

On March 13, 2024, the Suffolk County Attorney identified Police Officers Matthew Giordano, Ryan Paccione, Jesse Maresca, and Glenn Lodigkeit (collectively, the "Individual Defendants") as the individuals believed to have interacted with Plaintiff on August 28, 2023. DE [8]. The Clerk of the Court issued Summonses as to the Individual Defendants on March 15, 2024. DE [9].

On April 3, 2024, Plaintiff filed a motion to amend his Complaint to add Suffolk County and the Suffolk County Police Department as defendants.[1] DE [10]. On April 9, 2024, this Court granted Plaintiff's motion to file an amended complaint, observing that he was permitted to do so as a matter of course pursuant to Fed. R. Civ. P. 15. *See* Electronic Order dated April 9, 2024. On April 15, 2024, although an amended complaint had not been filed, the District Court *sua sponte* dismissed Plaintiff's claims against the Suffolk County Police Department "because that entity lacks the capacity to be sued," and set an April 29, 2024 deadline for Plaintiff to file his

---

[1] Although no motion had been made to substitute the Individual Defendants for the John Doe defendants, Plaintiff's motion to amend lists the Individual Defendants in the caption and only seeks to add Suffolk County and the Suffolk County Police Department as additional defendants. DE [10].

amended complaint. *See* Electronic Order dated April 15, 2024. Plaintiff did not file an amended complaint by the Court ordered deadline and he has not requested an extension of time to file an amended complaint. To the contrary, since filing his motion to amend the Complaint, Plaintiff has taken no action whatsoever.

On August 7, 2024, the Individual Defendants filed their Answer to Plaintiff's Complaint. DE [14]. Accordingly, the Court scheduled an Initial Conference for September 18, 2024. DE [15]. Plaintiff failed to appear at the September 18, 2024 Initial Conference. DE [17]. The Court adjourned the conference to September 30, 2024 and advised Plaintiff of his obligation to update the Court as to his current address as it appeared that he may have been discharged from custody. *Id.* The Court also warned Plaintiff that continued failure to appear at conferences may result in the dismissal of his case for failure to prosecute pursuant to Fed. R. Civ. P. 41. *Id.* Defendants served a copy of the September 18, 2024 Minute Order at the address Plaintiff had on file with the Court. DE [18].

Plaintiff again failed to appear at the September 30, 2024 Initial Conference. DE [19]. The Court adjourned the conference to November 13, 2024 and again warned Plaintiff that repeated failures to appear at Court conferences may result in a recommendation to the District Judge to dismiss this case pursuant to Fed. R. Civ. P. 41. *Id.* Defendants again served a copy of the September 30, 2024 Minute Order at the address Plaintiff had on file with the Court. DE [20]. On November 13, 2024, despite the Court's clear prior warnings, Plaintiff failed to appear at the Initial Conference for a third time. DE [22]. This Report and Recommendation follows.

## II.    LEGAL STANDARD

A plaintiff has the general obligation to diligently prosecute its case.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Fed. R. Civ. P. 41(b) "authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order."  *Jean-Fils v. HSBC Bank USA*, No. 24-CV-2872, 2024 WL 3927248, at *2 (E.D.N.Y. Aug. 23, 2024) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)).  Dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) may be ordered *sua sponte*.  *Escon Constr. Group Plc v. Fastenal Co.*, 583 F. Supp. 3d 381, 386 (E.D.N.Y. 2022) (citing *Platinum Funding Corp. v. Bosselli Studio Ltd.*, 368 F. App'x 207, 208 (2d Cir. 2010)); *see Schenck v. Bear, Stearns & Co., Inc.*, 583 F.2d 58, 60 (2d Cir. 1978) ("The law is clear.  The district court has the power to dismiss for failure to prosecute, on its own motion.").

In evaluating dismissal pursuant to Fed. R. Civ. P. 41(b), the court considers five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste*, 768 F.3d at 216 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  A court is not required to discuss each factor at length so long as an explanation for dismissal is given.  *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *Baptiste*, 768 F.3d at 217 (observing that district courts are not expected to "make exhaustive factual findings or to utter . . . robotic incantations").  Ultimately, "[t]he

4

decision whether to dismiss a case for failure to prosecute lies within the discretion of the trial court." *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-CV-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015).

## III.    DISCUSSION

Applying these standards, the Court respectfully recommends dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 41 for failure to prosecute.  As detailed above, Plaintiff has not participated in this case in any capacity since April 2024, when he sought leave to file an amended complaint.  DE [10].  Although the Court granted Plaintiff leave to file his amended complaint by April 29, 2024, he did not do so.  Since then, Plaintiff has failed to appear at three consecutively scheduled Initial Conferences despite repeated warnings that failure to appear may result in a recommendation that his claims be dismissed.   DE [17], [19], [22].  To the extent Plaintiff's address may have changed since commencing this action, he has not updated the Court or Defendants despite being advised of his obligation to do so.  DE [17].  Therefore, insofar as Plaintiff may not have received actual notice of the Court's warnings, "responsibility for that miscommunication lies with him."  *Wilson v. Doe 1-4*, No. 21-CV-5170, 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022); *see Greene v. Sposato*, No. 16-CV-1243, 2019 WL 1559421, at *1 (E.D.N.Y. Apr. 9, 2019) ("The duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs.").

Under these circumstances, it appears that Plaintiff is not pursuing this action further, and there is no less drastic sanction than dismissal without prejudice that is

appropriate. *See, e.g.*, *Tavarez v. Hojnowski*, No. 22-CV-5361, 2024 WL 1659921, at *2-3 (E.D.N.Y. Apr. 17, 2024) (dismissing claims without prejudice for failure to prosecute where the plaintiff did not pursue claims and failed to provide the court with contact information despite being ordered to do so); *Wilson*, 2022 WL 2065030, at *2 (observing that dismissal without prejudice was appropriate because a monetary sanction was likely to be ineffective given the plaintiff's *in forma pauperis* status); *Greene v. City of New York*, No. 19-CV-873, 2020 WL 2840521, at *4 (E.D.N.Y. Apr. 23, 2020) (Report and Recommendation), *adopted by* 2020 WL 2836785 (E.D.N.Y. June 1, 2020) (dismissing claims without prejudice for failure to prosecute where the *pro se* plaintiff had been warned of the possibility of dismissal).

Accordingly, and in consideration of the factors enumerated in *Baptiste*, the Court respectfully recommends that Plaintiff's claims be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). If Plaintiff does not seek to appear within 60 days of the final order on this issue, the Court recommends that the dismissal become with prejudice.

## IV.    CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that this action be dismissed without prejudice for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and that such dismissal become with prejudice if Plaintiff does not seek to appear within 60 days of a final order on this issue.

## V.    OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants by electronic filing on the date below.  Defendants are directed to serve a copy of it on Plaintiff via first-class mail and promptly file proof of service by ECF.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:        Central Islip, New York
              November 19, 2024

                                        /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge

7