UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

------------------------------------------------------------------------X

STANLEY PIERRE,

                                 Plaintiff,

                        -against-

POLICE OFFICER MATTHEW GIORDANO,
POLICE OFFICER RYAN PACCIONE, POLICE
OFFICER JESSE MARESCA, and POLICE OFFICER
GLENN LODIGKEIT,

                                Defendants.

------------------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-CV-08886 (JMA) (SIL)

**FILED
CLERK**

12/10/2024 2:15 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

       Presently before the Court is Magistrate Judge Steven I. Locke's November 19, 2024, Report and Recommendation ("R&R") that this case be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (ECF No. 23.) The R&R concludes that dismissal should be with prejudice unless Plaintiff reappears within sixty days of this Memorandum & Order. (<u>See</u> <u>id.</u> at 1, 6.) For the reasons set forth below, the R&R is adopted in its entirety.

       The Court assumes familiarity with the background of this case and sets forth only the facts relevant to the R&R. On April 9, 2024, Judge Locke granted <u>pro se</u> Plaintiff's motion for leave to file an amended complaint. (Apr. 9, 2024, Electr. Order.) On April 15, 2024, the undersigned directed Plaintiff to file the amended complaint by April 29, 2024. (Apr. 15, 2024, Electr. Order.) "Plaintiff did not file an amended complaint by the Court ordered deadline and he has not requested an extension of time to file an amended complaint. To the contrary, since filing his motion to amend the Complaint" in early April 2024, "Plaintiff has taken no action whatsoever." (R&R, ECF No. 23 at 3; <u>see</u> Mot. Amend. Compl., ECF No. 10.) Over the following seven months, Plaintiff failed to appear at three consecutive court conferences (in mid-September 2024, late September 2024, and November 2024, respectively) before Judge Locke. (<u>See</u> ECF Nos. 17, 19,

22.)  Judge Locke warned after each of Plaintiff's first two non-appearances that further failures to appear could lead to dismissal for failure to prosecute, and then advised after Plaintiff's third non-appearance that the R&R was forthcoming.  (See ECF Nos. 17, 19, 22.)  Those warnings were delivered to Plaintiff's address of record.  (ECF Nos. 18, 21.)  Judge Locke issued the R&R on November 19, 2024.  (ECF No. 23.)  The R&R warned that objections must be filed within fourteen days and that failure to timely object waives the right to further appeal the R&R.  (Id. at 7.)  The R&R was delivered to Plaintiff's address of record the next day.  (ECF No. 24.)  No objections to the R&R have been filed.  The time for doing so has expired.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

"Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."  Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).  In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record."  Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed." Cooper v. Harris, 581 U.S. 285, 309 (2017) (internal quotation marks omitted).

The Court has reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts the R&R in its entirety as the opinion of the Court.  Accordingly, the Court dismisses this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Consistent with the R&R, this dismissal is with prejudice unless Plaintiff appears on or before

2

February 10, 2025.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Memorandum & Order to Plaintiff at his address of record and to close this case.

**SO ORDERED.**

Dated:    December 10, 2024
            Central Islip, New York

_____
                /s/ JMA
            JOAN M. AZRACK
      UNITED STATES DISTRICT JUDGE

3